PER CURIAM.
Marc Lane appeals an order that dismisses his first amended complaint against appellees, Health Options, Inc., and Health Options, Inc. (HMO), a subsidiary of Blue Cross Blue Shield of Florida, Inc., and Blue Cross Blue Shield of Florida, Inc., with prejudice.
Appellant filed his initial complaint in Broward County Circuit Court on October 2, 1998. Appellant alleged that on or about October 4, 1994, he had a medical insurance contract with appellee HMO. He also claimed that as a result of appellee HMO’s decision to decline authorization to his treating physician to perform a certain procedure, and the subsequent medical treatment he received by a different physician member of the HMO, he suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish and loss of capacity for the enjoyment of life. He also claimed damages for his expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of earning ability, and aggravation of a previously existing condition. The complaint set forth counts sounding in negligence, breach of contract, bad faith, common law bad faith, and deceptive and unfair trade practices.
Appellees removed the case to federal district court on the ground that the Employee Retirement Income Security Act (“ERISA”) pre-empted the claims. On August 16, 1999, the federal district court ruled that all counts except the negligence claim were pre-empted by ERISA. Accordingly, the court dismissed those claims without prejudice and granted appellant leave to amend the complaint to state a cause of action under ERISA. The court then remanded the negligence claim to the Broward County Circuit Court. Appellant did not amend the federal complaint. His First Amended Complaint alleged that
Defendant [appellee] was negligent in that defendant made a negligent medical decision in contradiction to the treating doctor whom [sic] advised that a muscle flap was needed to cover the wound to prevent a bone infection. The Defendant in opposition to said medical advise [sic] made a medical decision to have a shin graft performed instead of the muscle flap. The skin graft did not take and the skin receded from the bone leaving an open bone. The bone became infected and Plaintiff required numerous subsequent operations to correct the problem.
*1236 On October 4, 1999, appellees moved to dismiss appellant’s First Amended Complaint. Appellees asserted that the HMO was a health care provider that appellant failed to serve the HMO with presuit notice as required by section 766.101, Florida Statutes and failed to file suit within the two-year statute of limitations under section 95.11(4), Florida Statutes (1999), applicable to medical malpractice actions.
The trial court decided that appellee HMO was a health care provider for purposes of the presuit notice requirement and thus was entitled to receive notice under Chapter 766. The court further determined that appellant’s claims sounded in medical negligence and were subject to the two-year statute of limitations applicable to medical negligence cases. Because appellant failed to provide appellee HMO with presuit notice and had filed his action beyond the two-year statute of limitations provided in section 95.11(4), the trial court dismissed the first amended complaint with prejudice.
A claim for medical malpractice is a “claim arising out of the rendering of, or the failure to render, medical care or services.” § 766.106(l)(a), Fla. Stat. (1999). There are no allegations in this complaint from which it could be determined as a matter of law, as the trial court did, that the HMO was “rendering” medical care or services. The allegation in the complaint that the decision by the HMO was a “negligent medical decision” was merely con-clusory. The dismissal on the ground that this is a medical malpractice case, based solely on the allegations of the complaint, was accordingly error.
While this case was pending on appeal, this court issued Greene v. Well Care HMO, Inc., 778 So.2d 1037 (Fla. 4th DCA 2001), in which a complaint seeking relief against an HMO was dismissed for failure to state a cause of action. We concluded that the complaint did not state a cause of action, but remanded to give the claimant an opportunity to amend in light of our opinion. Although appellant in this case did not seek leave of court to further amend in the trial court, he has requested that relief here, and we agree that on remand appellant should given that opportunity.
POLEN, C.J., GUNTHER and KLEIN, JJ., concur.